The People of the State of Illinois ex rel. R. W. Carroll, Appellee, v. Martin Durkin et al., Appellants.

Gen. No. 37,852.

Heard in the second division of this court for the first district at the October term, 1934. Opinion filed June 13, 1935. Rehearing denied June 25, 1935.

OTTO KERNER, Attorney General, and JEROME F. DIXON, Assistant Attorney General, for appellants.

MICHAEL F. RYAN, of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Plaintiff filed his petition for a writ of mandamus to compel the Director of the Department of Labor of the State of Illinois and certain other State officers and employees to reinstate him as a State civil service employee to his duties as a deputy factory inspector. The demurrer of defendants to the petition was overruled and they stood by their demurrer. Thereupon a judgment was entered in accordance with the prayer of the petition.

The petition alleges that pursuant to section 4 of the "Act to regulate the civil service of the State of Illinois," Cahill's St. ch. 126a, ¶ 6, the civil service commissioners adopted certain rules, effective August 15, 1930. The petition then sets up all of the rules adopted, one of which is as follows:

"Sec. 1. (Rule VI) The statement for cause for removal, discharge or reduction shall give the facts which are alleged to constitute 'just cause.' "

The petition further alleges that plaintiff passed the State civil service examination on May 17, 1912, for the position of deputy factory inspector and that he was thereafter certified to the appointing officer and appointed deputy factory inspector in the classified service in the Department of Labor of the State of Illinois; that he diligently, efficiently and faithfully

performed the duties of such position until June 30, 1933, when he received the following discharge notice:

"Discharge Notice
State of Illinois
State Civil Service Commission
June 30, 1933.

To—Mr. R. W. Carroll,
4645 N. Leamington St., Chicago, Illinois.

You are hereby discharged from your position as Deputy Factory Inspector in Division of Factory Inspection, Department of Labor. Said separation taking effect June 30, 1933.

The cause for your discharge is neglect of duty in failing to comply with the hours of employment which are from 8:30 A. M. to 5:00 P. M. with one hour for lunch.

Yours truly
(Signed) Barney Cohen
Signature of Appointing Officer.
Director of Labor.

Delivered by Mr. Joseph J. Nowicki, Chief Factory Inspector, on June 30, 1933, to Mr. R. W. Carroll.
(Signed) Joseph J. Nowicki.
(Name of person delivering notice.)"

The petition further alleges that four other deputy factory inspectors were discharged on the same date for a similar reason; that the plaintiff was not guilty of any matter upon which the charge of neglect of duty could be lodged against him, nor of any conduct detrimental to the public service; that the discharge of plaintiff and the four other inspectors "was not for just cause, but solely and wholly for political causes"; that no facts were set forth by the appointing officer in the notice of discharge to show that the continuance of plaintiff in the service as deputy factory inspector was detrimental thereto; that the removal was for political causes and therefore the State civil service commis-

sion abused the discretion vested in it by law in failing to direct his immediate reinstatement and reassignment to duty; that at the hearing before the commission it was clearly shown that his removal was solely for political causes; that plaintiff, on receipt of the notice of discharge, filed a petition with the State civil service commission for a hearing under section 12 of the act, in which he stated that his discharge was for political causes; that after a hearing before the commission it entered the following finding and decision:

"The commission further finds that the neglect of duty by petitioners and each of them in failing to comply with the hours of employment laid down by the Director of Labor and the employing officer, and which were fully known to petitioners, is sufficient cause for discharge and is detrimental to the public service of the State of Illinois.

"The commission further finds that the action of Barney Cohen, Director of Labor and as appointing officer, in discharging Charles I. Neimark, John Persenaire, Richard W. Carroll, Con Hoffman, and William Hamilton as Deputy Factory Inspectors, Division of Factory Inspection, Department of Labor, was not for political reasons, as alleged in petitioners' statement for hearing in these cases and each of them." The petition further alleges that in entering said findings and decision the commission did not act in good faith but was motivated by political reasons. The petition concludes with a prayer that a writ of mandamus issue directing defendants to reinstate plaintiff in his position.

Par. 14, sec. 12, of the State Civil Service Act, ch. 126a, Cahill's Ill. Rev. St. 1933, is as follows:

"Par. 14. Removals, reductions, suspensions.) Sec. 12. No employee in the classified civil service of the State shall be removed, discharged or reduced in rank or pay by the appointing officer, except for just cause.

The term 'just cause' as used in this section—shall mean any cause which is detrimental to the public service other than political, racial or religious.

"In every case of removal, discharge or reduction, a statement of the cause therefor shall be set forth in writing, which statement shall be in duplicate, and shall be signed by the appointing officer. One copy of said statement shall be delivered personally to the employee and the other copy of said statement shall be filed in the office of the Civil Service Commission, with a notation thereon showing proof of service of a copy of said statement upon the employee. Upon the filing of a copy of said statement with the notation aforesaid, in the office of the Civil Service Commission, the removal, discharge or reduction shall immediately become effective.

"Whenever an employee who has been removed, discharged or reduced shall file with the Civil Service Commission, within five days after his removal, discharge or reduction, a statement in writing, alleging that his removal, discharge or reduction was made for political, racial, or religious causes, and that he believes that upon a hearing he will be able to establish such a fact, it shall be the duty of the Commission to order a hearing. The time and place of such hearing shall be fixed by the Commission and due notice thereof given to the appointing officer and the employee.

"Upon such hearing the Commission shall determine and decide whether or not the removal, discharge or reduction was made for political, racial or religious causes, and the Commission shall have no jurisdiction or authority to review, consider, or determine any other question.

" . . .

"If, upon such hearing, the Commission shall find that the removal, discharge or reduction was made for political, racial or religious causes, it shall enter an order reinstating the employee in his former position

and directing the payment of all back salary due. If the Commission shall find that the removal, discharge or reduction was not made for political, racial or religious causes, it shall enter an order to that effect, and the removal, discharge or reduction shall stand and be final.''

It is clear, from a reading of the two acts, that the State Civil Service Act differs widely from the Civil Service Act in relation to cities. Under the latter act charges against the employee are preferred before a civil service commission, where a full hearing is had. The commission is a *quasi* judicial tribunal and the statute provides that an employee may be removed only ''for cause, upon written charges, and after an opportunity to be heard.'' The power to remove is not an arbitrary one, to be exercised at pleasure, but only upon just and reasonable grounds, and the record of the commission must show that it acted upon evidence, so that the court may determine whether there was any evidence fairly tending to sustain the charge. But under the State Civil Service Act the jurisdiction of the commission is limited to the consideration of the question as to whether or not the discharge of the employee was for racial, political or religious reasons, and the commission has no authority to review, consider or determine any other question. In other words, the State commission has no jurisdiction to determine the question as to whether or not there was ''just cause'' for the discharge. If the commission finds that the discharge order entered by the appointing officer was not entered because of racial, religious or political reasons, then, the statute provides, ''the removal, discharge or reduction shall stand and be final.'' Plaintiff cites a number of cases arising under the City Civil Service Act, such as *Funkhouser v. Coffin*, 301 Ill. 257, but these have little or no bearing upon the determination of the instant appeal.

Plaintiff states that the petition is not intended as a collateral attack upon the action of the State civil service commission, nor as an attempt to obtain a trial *de novo* through mandamus. He concedes that the commission could not grant any relief to a civil service employee even though he was, in fact, discharged without "just cause," if the discharge was not for racial, political or religious causes. He further concedes that we cannot review or control the discretionary powers of the appointing officer in making the discharge. He states that the sole purpose of the instant proceeding is to question the jurisdiction of the appointing officer to make the discharge; that "under Section 12 there are certain jurisdictional provisions which must be complied with by the appointing officer, and failing to comply strictly with the statute he acts without authority, and, therefore, the discharge would be of no force and effect." The argument is that under par. 14, sec. 12, of the act and sec. 1 of rule VI of the commission the appointing officer has not the power nor authority to discharge the plaintiff, unless "the statement for cause for ... discharge" in the discharge notice makes out a prima facie case of "just cause"; that the discharge notice is fatally defective in that regard and the appointing officer was without power or authority to discharge plaintiff; and, therefore, for that reason, the trial court was warranted in overruling the general demurrer of defendants. That the act and the rule require that the appointing officer, in the discharge notice, shall make out a prima facie case of "just cause" for the discharge, seems reasonably clear. *The discharge notice need not be verified,* and it is a serious commentary upon the so-called State Civil Service Act that the employee has no right to question the truth of the charge no matter how serious it may be. The appointing officer is not required to hold hearings or to make findings. If he makes out a prima facie case of "just cause" on paper, he can arbitrarily and

unjustly discharge civil service employees, and they have no right to a hearing save to prove, to the commission, if they can, that they were discharged solely for racial, religious or political reasons. We are forced to the conclusion that the contention of the attorney general that, under the act, whether or not there was ''just cause,'' as a matter of fact, for the discharge of plaintiff, is to be determined solely by the appointing officer and that his action in that regard cannot be reviewed by commission nor court, is sound. We recognize fully that the act affords little, if any, protection to the employees; but the legislature, alone, has the power to remedy the patent defects in the law.

As to the jurisdictional question raised by plaintiff: The act (par. 14, sec. 12) provides that no employee shall be removed, discharged or reduced ''except for just cause. The term 'just cause' as used in this section—shall mean any cause which is detrimental to the public service other than racial, political or religious.'' No form of notice of discharge is provided by the act or the rule. In making the discharge the appointing officer is required only to make a statement in writing of the cause of the removal, one copy of which shall be delivered personally to the employee and one copy of which shall be filed in the office of the commission with a notation thereon showing proof of service upon the employee. Thereupon the discharge immediately becomes effective. That the appointing officer had jurisdiction of plaintiff, through service of a copy of the discharge notice, is conceded. Neglect of duty is one of the common grounds for discharge under civil service acts. Such conduct would be ''detrimental to the public service,'' and would constitute ''just cause'' for discharge under the act. Plaintiff relies strongly upon the wording of section 1 of Rule VI of the commission, which provides that ''the statement for cause for removal, discharge or reduction shall give the facts which are alleged to constitute 'just cause.' '' That

rule, in our opinion, intends that the statement shall give the ultimate facts "which are alleged to constitute 'just cause'"; not the evidence bearing upon the charge. Such a notice need not set up the facts with the particularity of an indictment. The object of the notice is to apprise the employee and the commission of the discharge of the employee and the alleged cause for the action of the appointing officer. If the object and intent of the law are substantially attained by the notice, it is sufficient. From plaintiff's statement to the civil service commission it appears that he understood fully the nature of the charge against him. The commissioners, although they had no jurisdictional right to do so, allowed him to introduce evidence in support of his claim that he had not been guilty of the charge made against him, and, after hearing all of the evidence bearing upon the subject, they found "that the neglect of duty by petitioners and each of them in failing to comply with the hours of employment laid down by the Director of Labor and the employing officer and which were fully known to petitioners is sufficient cause for discharge and is detrimental to the public service of the State of Illinois." They further found, as they had a jurisdictional right to do, that the act of the appointing officer in discharging plaintiff "was not for political reasons, as alleged in petitioners' statement for hearing." While the discharge notice might have stated the charge with greater particularity, nevertheless, we do not believe that we would be warranted in holding that it was so fatally defective that the jurisdiction of the appointing officer over the subject matter of the charge does not sufficiently appear from it.

The judgment of the superior court of Cook county is reversed and the cause is remanded with directions to sustain defendants' demurrer to plaintiff's petition for a writ of mandamus.

*Reversed and remanded with directions.*

FRIEND, P. J., and SULLIVAN, J., concur.