Sidney L. Ulrich, Plaintiff-Appellant, v. John M. McCarthy, Jr. et al., as Members of the Board of Fire and Police Commissioners of City of Peoria, Illinois, and the Board of Fire and Police Commissioners of City of Peoria, Illinois, Defendants-Appellees.

Gen. No. 10,680.

Opinion filed July 9, 1953. Rehearing denied July 31, 1953. Released for publication August 3, 1953.

MORGAN, PENDARVIS & MORGAN, of Peoria, for appellant.

MAX J. LIPKIN, of Peoria, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

Sidney L. Ulrich brought an action in the circuit court of Peoria county, under the Administrative Review Act [Ill. Rev. Stats. 1951, ch. 110, §§ 264–279; Jones Ill. Stats. Ann. 104.094(1)–104.094(16)] to review and reverse a decision of the Board of Fire and Police Commissioners of the City of Peoria. The decision of the board was to demote the plaintiff from his position of Fire Marshal in the City of Peoria to the position of a hoseman in the fire department, on the ground that Ulrich was suffering from heart ailment. The board also terminated a leave of absence theretofore granted him on account of his heart condition. The circuit court of Peoria county affirmed the decision of the board upon the complaint and answer.

The plaintiff has perfected an appeal to this court and contends that the Board of Fire and Police Commissioners of the City of Peoria had no power or authority to terminate the plaintiff's leave of absence,

102

or remove him from his position as fire marshal and that the record in the case does not support the action of the board.

Sidney L. Ulrich had served on the Fire Department of the City of Peoria for eighteen years or more. He was originally appointed on May 30, 1931. Through various promotions he was appointed Fire Marshal or Chief of the Department on July 1, 1945, under the rules and examination provided for by Article 14 of the Cities and Villages Act [Ill. Rev. Stats. 1951, ch. 24, §§ 14—1–14—17; Jones Ill. Stats. Ann. 21.1367–21.1383]. He served continuously in that capacity until the order reviewed in this action.

It is conceded by all parties to this litigation that Ulrich is suffering from a heart ailment and that he is not physically able to attend to his duties as Fire Marshal or Chief of the Fire Department. There is considerable dispute whether Ulrich is physically able to attend to the duties of a hoseman in the fire department, but under the view that we take of this case the latter facts are immaterial to the issues here involved.

It is seriously contended by the appellant that the Board of Fire and Police Commissioners acted without authority when they discharged the plaintiff from his office as Chief of the Fire Department and demoted him to one of the hosemen. In the case of *People ex rel. Hurley v. Graber,* 405 Ill. 331, the Civil Service Board of the City of Chicago had advanced several policemen who had passed the civil service examination, but who had been given credit because of their service in the United States Army, which at that time was granted by the statute. Later the Supreme Court declared this law unconstitutional and the civil service board in accordance with the written opinion of the Corporation Counsel of the City of Chicago, is-

sued an order demoting these policemen to a lower rank that they would have held had they not had civil service credit for the service that they had had in the Army. They reduced them in their civil service standing to a rank lower than others who had been in line for promotion before these men were promoted. The demoted policemen filed a writ of prohibition to prevent the Commission from reducing them in their rank as policemen. In passing upon the merits of the controversy the court quotes from a number of decisions both in the Supreme and Appellate Courts, and they use the following language: "The City Civil Service Act contains no provision granting power to the civil service commission to reconsider an appointment or to demote for cause after the employment or appointment is completed, as here, by the act of the commissioner of police in making an appointment upon certification by the commission of the applicants having the highest grading or rating. The city civil service commission exercises a limited or statutory jurisdiction, no presumption of jurisdiction obtains in its favor, and it must find in the statute its warrant for any authority claimed. (*Funkhouser v. Coffin,* 301 Ill. 257; *People ex rel. Gilbert v. Hurley,* 336 Ill. App. 205.) In *People ex rel. Carroll v. Durkin,* 280 Ill. App. 510, commenting upon the differences then obtaining between the State Civil Service Act, and the City Civil Service Act, the Appellate Court observed: 'It is clear, from a reading of the two acts, that the State Civil Service Act differs widely from the Civil Service Act in relation to cities. Under the latter act charges against the employee are preferred before a civil service commission, where a full hearing is had. The commission is a *quasi*-judicial tribunal and the statute provides that an employee may be removed only "for cause, upon written charges, and after an

104

opportunity to be heard." The power to remove is not an arbitrary one, to be exercised at pleasure, but only upon just and reasonable grounds.' " . . . The petition for mandamus discloses that a majority of these plaintiffs were appointed by the commissioner of police on April 16, 1948. The commission certified these plaintiffs to the commissioner of police as having the highest rating as applicants for the positions to which they were appointed, took them from the registers for their respective grades or class of positions, their grades were determined by adding credits for military service, and the commissioner appointed them to their positions from the list certified by the commission to him as eligible for appointment to their respective positions. In accepting the certifications upon which they were appointed to their present positions, the plaintiffs were permanently separated from the positions formerly held by them. They could not be demoted to their former positions, not only because they had been permanently separated therefrom, in accordance with section 2 of rule IV of the commission, but for the additional reason that their former positions had been filled and occupied by others. Their appointments were then complete, and the officers vested with appointive power thereafter lacked power or jurisdiction either to reconsider the appointments or to demote the plaintiffs for the adequate reason that the statute from which the city civil service commission derives its authority does not delegate power to the commission to demote once an appointment is complete. (*People ex rel. Laist v. Lower,* 251 Ill. 527; *People ex rel. McCabe v. Gregory,* 328 Ill. App. 513.) As aptly stated long ago by CHIEF JUSTICE MARSHALL in *Marbury v. Madison,* 1 Cranch (5 U. S.) 137, " 'Some point of time must be taken when the power of the executive over an officer, not removable at his will,

105

must cease. That point of time must be when the constitutional power of appointment has been exercised. And this power has been exercised when the last act, required from the person possessing the power, has been performed.' "

 It will be observed from the language used in the foregoing case that under the Civil Service Act [Ill. Rev. Stats. 1951, ch. 24½, § 39 et seq.; Jones Ill. Stats. Ann. 23.040 et seq.] the civil service commission exercises a limited or statutory jurisdiction and must find in the statute its warrant for any authority claimed. No provision is contained therein granting it power to reconsider an appointment or to demote for cause after the appointment is completed. It has no power to demote employees under civil service who have been promoted if no fraud, deception or mistake in certifications is shown. In the present case no fraud or mistake is claimed in the advancement of Ulrich to the position of fire marshal. The only reason that he had been discharged as fire marshal and demoted to a hoseman is on account of his heart condition.

It is therefore our conclusion that the Board of Fire and Police Commissioners of the City of Peoria, Illinois, were without authority to demote Sidney L. Ulrich from fire marshal to a hoseman and the judgment of the circuit court is therefore reversed and the cause remanded.

*Judgment reversed and cause remanded.*